| | |
|---|---|
| WILLIAM HOFFMAN,<br><br>                                   Plaintiff,<br><br>v.<br><br>HARTFORD FINANCIAL SERVICES GROUP, INC.; et al.,<br><br>                                   Defendants. | Case No.: 3:18-cv-02471-H-JLB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>[Doc. No. 5] |

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

On November 1, 2018, Defendant Property and Casualty Insurance Company of Hartford ("Defendant") filed a motion to dismiss Plaintiff William Hoffman's ("Plaintiff") complaint. (Doc. No. 5.) Plaintiff opposed the motion on November 19, 2018. (Doc. No. 6.) On November 26, 2018, Defendant replied. (Doc. No. 8.) On November 29, 2018, the Court submitted the motion on the papers. (Doc. No. 9.) For the reasons below, the Court denies Defendant's motion to dismiss.

**Background**

The following facts are taken from the allegations in Plaintiff's complaint. According to Plaintiff, he owns personal property and a home in San Diego County. (Doc.

1

No. 1-2 ¶¶ 1, 7.) Plaintiff purchased an insurance policy from Defendant insuring his personal property from January 16, 2018 through January 16, 2019. (Id. ¶¶ 2, 5.) The policy provided "coverage for personal property, anywhere in the world, that is vandalized and/or stolen, if the property is owned or used by the insured." (Id. ¶ 11.) Plaintiff stored his personal property at 1621 Glade Place, Escondido, California, 92029 with the permission of the half-owner of the residence, Pamela Mitchell. (Id. ¶ 7.)

On March 28, 2018, the other half-owner of the residence, Richard Leuthold, told Plaintiff that he must remove his personal property from the residence. (Id. ¶ 7.) Leuthold explained that he would leave Plaintiff's property on the driveway on April 2, 2018 and April 3, 2018. (Id.) On these dates, Plaintiff visited the residence and found that his personal property damaged or otherwise missing. (Id.) Plaintiff asked to enter the residence to retrieve his missing property, but Leuthold threatened Plaintiff and physically prevented him from entering. (Id.)

Plaintiff provided Defendant with a claim for the loss of his personal property under his policy. (Id. ¶ 8.) Defendant denied Plaintiff's claim on the grounds that Plaintiff abandoned his property when he first vacated the Glade Place residence in 2014 and subsequently when he left his property on the residence's driveway. (Id. ¶ 9.)

On September 21, 2018, Plaintiff filed a complaint at the California Superior Court against Defendant for breach of contract, as well as breach of the implied covenant of good faith and fair dealing.[1] (Id. ¶¶ 10–21.) On October 26, 2018, Defendant removed the case to this Court. (Doc. No. 1-1.) On November 1, 2018, Defendant filed a motion to dismiss Plaintiff's complaint. (Doc. No. 5.)

///

---

[1] Plaintiff filed his complaint against Hartford as well as Hartford Financial Services Group, Inc. and Hartford Underwriters Insurance Company. The Court takes judicial notice of Plaintiff's request for dismissal without prejudice of Hartford Financial Services Group, Inc. and Hartford Underwriters Insurance Company filed in state court by Plaintiff as its authenticity is not subject to reasonable dispute. (Doc. No. 5-4, Exh. 10.) See Fed. R. Evid. 201(b)(2). Hartford Financial Services Group, Inc. and Hartford Underwriters Insurance Company remain dismissed from this case without prejudice.

**Discussion**

I.  **Legal Standards**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). The Federal Rule of Civil Procedure 8(a)(2)'s plausibility standard governs Plaintiff's claims. The Supreme Court has explained Rule 8(a)(2) as follows:

> The Supreme Court has explained that:
>
> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. As the Court held in [Bell Atlantic Corp. v. Twombley, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (citations, quotation marks, and brackets omitted).

In reviewing a Rule 12(b)(6) motion to dismiss, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted). In addition, a court need not accept legal conclusions as true. Ashcroft, 556 U.S. at 678. Further, it is improper for a court to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). Finally, a court may consider documents incorporated into the complaint by reference and items that are proper subjects of judicial notice. See Coto Settlement v. Eisenberg, 593 F.3d 1031, 1038 (9th Cir. 2010).

If the court dismisses a complaint for failure to state a claim, it must then determine whether to grant leave to amend. See Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). "A district court may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency, or if the plaintiff had several opportunities to amend its complaint and repeatedly failed to cure deficiencies." Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (internal quotation marks and citations omitted).

## II. Analysis

### A. Breach of Contract

Defendant argues that Plaintiff has failed to prove that his property was vandalized because he has not proven that the property was willfully and maliciously destroyed. (Doc. No. 5-1 at 13–14.) In addition, Defendant contends that Plaintiff has failed to prove that his property was stolen because he "presented no evidence of a felonious taking of his personal property with the intent to deprive him of it." (Id. at 14–15.) Plaintiff argues that he alleged sufficient facts to support a breach of contract claim against Defendant. (Doc. No. 6 at 6.)

The Court agrees with Plaintiff. An insurer breaches an insurance contract when it wrongfully fails to provide coverage due under its policy. Isaacson v. California Ins. Guarantee Assn., 44 Cal. 3d 775, 791 (1988). Plaintiff alleges that he purchased an insurance policy from Defendant insuring his personal property from January 16, 2018 through January 16, 2019. (Doc. No. 1-2 ¶ 5.) According to the Plaintiff, the policy provided "coverage for personal property, anywhere in the world, that is vandalized and/or stolen, if the property is owned or used by the insured." (Id. ¶ 11.)

Defendant argues that Plaintiff has not provided evidence that his property was stolen or vandalized. (Doc. No. 5-1 at 13–15.) However, Plaintiff alleges that Leuthold told him that he must remove his personal property from the residence on April 2, 2018 and April 3, 2018. (Id. ¶ 7.) On these dates, Plaintiff allegedly visited the residence and found his personal property damaged or otherwise missing. (Id.) Plaintiff alleges that he

asked to enter the residence to retrieve his missing property, but Leuthold threatened Plaintiff and physically prevented him from entering. (Id.) Under these circumstances, Plaintiff has sufficiently alleged facts supporting the inference that his property was vandalized or stolen. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's breach of contract claim at this time, as the issue is factual and better suited for resolution at summary judgment when the record is more fully developed.

**B. Implied Covenant of Good Faith and Fair Dealing**

Defendant argues that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing should be dismissed because: (1) Plaintiff has failed to allege that there was a breach of contract and (2) a genuine dispute exists as to Defendant's liability. (Doc. No. 5-1 at 17–19.) Plaintiff argues that he sufficiently pled that Defendant breached the covenant. (Doc. No. 6 at 7–8.)

The Court agrees with Plaintiff. "There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement. . . . This principle is applicable to policies of insurance." Comunale v. Traders & Gen. Ins. Co., 50 Cal. 2d 654, 658 (1958) (internal citations omitted). "[T]o establish breach of the implied covenant: (1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." Lemoine v. State Farm Gen. Ins. Co., No. 15-CV-02941-WHO, 2016 WL 6778647, at *6 (N.D. Cal. Nov. 16, 2016) (citing Love v. Fire Ins. Exch., 221 Cal. App. 3d 1136, 1151 (1990)).

Plaintiff has alleged that the policy benefits were withheld. (Doc. No. 1-2 ¶¶ 8, 9.) Plaintiff also alleges that Defendant failed to conduct an adequate investigation. (Id. ¶¶ 14, 18.) In support, Plaintiff maintains that he attempted to remove his personal property from the residence on April 2, 2018 and April 3, 2018 (as he previously agreed with Leuthold), but found his personal property damaged or otherwise missing. (Id. ¶ 7.) Plaintiff alleges that, nonetheless, Defendant determined that Plaintiff abandoned his property. (Id. ¶ 9.) Based on these allegations, Plaintiff has sufficiently alleged facts

supporting the inference that Defendant failed to adequately investigate his claim. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's breach of the implied covenant of good faith and fair dealing claim, as the issue is factual and better suited for resolution at summary judgment when the record is more fully developed.

**C. Punitive Damages**

Defendant argues that Plaintiff's claim for punitive damages should be dismissed because Plaintiff has not pled sufficient facts showing that Defendant engaged in oppressive, fraudulent, or malicious conduct. (Doc. No. 5-1 at 19–22.) Plaintiff argues that it is too early to determine whether he is entitled to punitive damages. (Doc. No. 6 at 9.)

The Court declines to dismiss Plaintiff's prayer for punitive damages at this time. Preliminarily, a request for punitive damages is not a claim but rather a prayer for relief. Given that punitive damages are not a claim, they are not the proper subject of a motion to dismiss. See Monaco v. Liberty Life Assur. Co., No. C06-07021 MJJ, 2007 WL 420139, at *6 (N.D. Cal. Feb. 6, 2007) ("[A] complaint is not subject to a motion to dismiss for failure to state a claim under Rule 12(b)(6) because the prayer seeks relief that is not recoverable as a matter of law."); see also Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002); In re Methyl Tertiary Butyl Ether ("MTBE") Prod. Liab. Litig., 517 F. Supp. 2d 662, 666 (S.D.N.Y. 2007); Douglas v. Miller, 864 F. Supp. 2d 1205, 1220 (W.D. Okla. 2012). Accordingly, the Court construes Defendant's motion to dismiss the prayer for punitive damages as a motion to strike under Rule 12(f). See Rees v. PNC Bank, N.A., 308 F.R.D. 266, 272–73 (N.D. Cal. 2015) (evaluating defendants' motion to strike plaintiffs' claims for exemplary and punitive damages); In re MTBE, 517 F. Supp. 2d at 665 (noting that defendant's motion for partial summary judgment as to a punitive damages remedy was "more like a motion in limine or motion to strike").

Although punitive damages are not available for a breach of contract claim, Plaintiff's prayer for punitive damages is adequately pled as to the claim for breach of the implied covenant of good faith and fair dealing. See Cal. Civ. Code § 3294; Slottow v.

Am. Cas. Co. of Reading, Pennsylvania, 10 F.3d 1355, 1361 (9th Cir. 1993). Under California law, when a defendant "has been [found] guilty of oppression, fraud, or malice," a court may award punitive damages. See Cal. Civ. Code § 3294; Clark v. Allstate Ins. Co., 106 F. Supp. 2d 1016, 1018 (S.D. Cal. 2000). Moreover, "[i]t is well-established that federal courts sitting in diversity must apply state substantive law and federal procedural rules." Clark, 106 F. Supp. 2d at 1018. Under Rule 9(b), "[m]alice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "[I]n federal court, a plaintiff may include a 'short and plain' prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." Rees, 308 F.R.D. at 273 (quoting Clark, 106 F. Supp. 2d at 1018); but see Kelley v. Corr. Corp. of Am., 750 F.Supp.2d 1132, 1147 (E.D. Cal. 2010) (rejecting conclusory allegations of malice, fraud, or oppression as not reflecting new pleading requirements under Twombly and Iqbal). Here, Plaintiff alleges that "the conduct of Defendants . . . was willful, oppressive, fraudulent, and malicious. . . ." (Doc. No. 1-2 ¶ 21.) "Even if conclusory and unsupported, such an averment of malice or fraudulent intent is sufficient to support a request for punitive damages under Cal. Civ. Code § 3294(a) in federal court . . . ." Rees, 308 F.R.D. at 274. Accordingly, the Court denies Defendant's motion to dismiss Plaintiff's prayer for punitive damages.

## Conclusion

For the foregoing reasons, the Court denies Defendant's motion to dismiss Plaintiff's breach of contract claim, breach of the implied covenant of good faith and fair dealing claim, and prayer for punitive damages.

**IT IS SO ORDERED.**

DATED: December 4, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT