UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM HOFFMAN,<br><br>                                           Plaintiff,<br><br>v.<br><br>THE HARTFORD FINANCIAL<br>SERVICES GROUP, INC., et al.,<br><br>                                           Defendants. | Case No.:  18-cv-02471-JLB<br><br>**ORDER GRANTING DEFENDANT'S<br>MOTION TO ENFORCE<br>SETTLEMENT**<br><br>**[ECF No. 31]** |

Presently before the Court is a motion to enforce settlement filed by Defendant Property and Casualty Insurance Company of Hartford ("Defendant" or "Hartford"). (ECF No. 31.)  Plaintiff William Hoffman ("Plaintiff" or "Hoffman") filed an opposition. (ECF No. 33.)  Having carefully considered the arguments presented by the parties, the Court **GRANTS** Defendant's motion to enforce settlement.

I.      BACKGROUND

Plaintiff commenced this action in San Diego Superior Court on September 21, 2018, by filing a Complaint for Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing. (ECF No. 1-2.)  Plaintiff's claims arise out of an insurance coverage dispute between Plaintiff and Hartford.  (*Id.*)  Plaintiff claims he suffered a loss compensable under the terms of his Homeowner's Insurance Policy 55 RBF 315075 (the

"Policy") with Hartford, including vandalism and theft, and that Hartford improperly denied coverage for Plaintiff's claim. (*Id.* at 3.)

## II.    PROCEDURAL HISTORY

On December 17, 2018, the Court set an in-person, parties-required Early Neutral Evaluation conference ("ENE") for February 21, 2019. (ECF No. 13.) The Court subsequently continued the ENE to March 13, 2019. (ECF No. 23.) The Court held the ENE on March 13, 2019. (ECF No. 28.) Plaintiff attended along with his counsel, Kenneth N. Greenfield. (*Id.*) A representative of Defendant also attended along with counsel for Defendant, John E. Feeley. (*Id.*) The parties settled at the ENE. (*Id.*) Accordingly, the Court ordered the parties to file a joint motion for dismissal on or before May 8, 2019. (ECF No. 29.)

At the end of the ENE, the parties signed a Settlement Memorandum of Understanding ("MOU"). (ECF No. 31-2 at 6.) The MOU tasked Hartford's counsel with preparing a long-form settlement agreement. (*Id.*) The MOU also specified that in the absence of an executed long-form agreement, the MOU "controls and is enforceable." (*Id.*)

On March 19, 2019, Hartford's counsel provided the proposed long-form settlement agreement to Plaintiff's counsel and a proposed joint motion to dismiss. (ECF No. 31-3, Declaration of Colrena K. Johnson ("Johnson Decl."), ECF No. 31-3 at ¶ 3.) Plaintiff proposed changes to the long-form settlement agreement drafted by Hartford's counsel, and ultimately the parties were unable to agree on a long-form settlement agreement. (*Id.* at ¶¶ 4-11.)

On May 1, 2019, Hartford filed a motion to enforce settlement requesting that the Court grant its motion pursuant to a proposed abridged settlement agreement and dismiss this action with prejudice. (ECF No. 31-1 at 10.) Alternatively, Hartford requests that the Court order that Plaintiff be bound by the terms of the MOU and dismiss this action with prejudice. (*Id.*)

///

///

In his opposition, Plaintiff proposes a long-form settlement agreement that differs from than the most recent one proposed by Hartford on May 10, 2019 in two respects: (1) Hoffman's addition of the phrase "to determine the rights and duties of the parties" to the MOU's section on "Settlement Payment"; and (2) application of the Section 1542 waiver to both parties rather than just Hoffman. (ECF No. 33-1 at 4-10.)

## III. MOU

The MOU signed by the parties provides as follows:

In the matter of *Hoffman v. The Hartford Financial Services Group, Inc., et al.*, 18-cv-02471-H (JLB), the undersigned have agreed to a settlement on the following material terms and conditions, all of which are set forth herein:

1.  Payment in the sum of [$]24,225
    By: Hartford
    To: Clerk of the Court in an interpleader action in San Diego Superior Court

2.  A release of all claims, including C.C.P. § 1542 waiver, and a dismissal with prejudice of the above entitled action.

3.  Each side will bear their own fees and costs.

4.  The parties consent to the magistrate judge's jurisdiction for enforcement of the settlement and all further action in the case, and within 7 days will submit to the Clerk's Office a Notice, Consent and Reference of Civil Action to a Magistrate Judge, signed by all parties and counsel.[1]

5.  Hartford's counsel is to prepare a long-form agreement, but in the absence of an executed long-form agreement, this Settlement Memorandum of Understanding controls and is enforceable.

_____

[1]     On or about April 4, 2019, the parties signed and submitted a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge to the Clerk's Office. (ECF No. 30.) The Honorable Marilyn L. Huff thereafter signed the consent. (*Id.*)  Therefore, the parties have consented to have this Court "conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings." (*Id.*)

18-cv-02471-JLB

6.     Hartford agrees to waive its right of subrogation to the extent of its payment.

(ECF No. 31-2 at 6.)

Plaintiff and a representative with settlement authority for Defendant, Antonio Esquivel, signed the MOU, "acknowledg[ing] and agree[ing] that this settlement was made before the Court and is binding and judicially enforceable." (*Id.*) The MOU is dated March 13, 2019. (*Id.*)

## IV.   DISCUSSION

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Facebook, Inc. v. ConnectU, Inc.*, No. C 07-01389 JW, 2008 WL 8820476, at *2 (N.D. Cal. Jun. 25, 2008) (quoting *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987)). "Once a settlement has been reached in a pending action, any party to the agreement may bring a motion to enforce it." *Id.* (citing *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1135 (9th Cir. 2002)). "[T]he court's enforcement powers include the inherent authority to order a party's specific performance of acts required by the settlement agreement and to award damages or other sanctions for noncompliance." *Id.* at 3 (citing *TNT Mktg., Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir. 1986)).

"The construction and enforcement of settlement agreements are governed by principles of local law which apply to interpretation of contracts generally." *Jeff D. v. Andrus*, 899 F.2d 753, 759 (9th Cir. 1990); *see also Tesoro Ref. & Mktg. Co. v. Cal. Finest Oil*, No. 12-CV-1312-WVG, 2016 WL 4269517, at *3 (S.D. Cal. Aug. 15, 2016). As applicable here, "California has a strong policy in favor of enforcing settlement agreements." *Facebook*, 2008 WL 8820476, at *4 (citing *Osumi v. Sutton*, 151 Cal. App. 4th 1355, 1357 (2007)). The principles generally applicable to contracts also govern settlement agreements. *Brinton v. Bankers Pension Servs., Inc.*, 76 Cal. App. 4th 550, 558 (1999).

Under California law, a settlement agreement "must be interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting." *Roden v. Bergen Brunswig Corp.*, 107 Cal. App. 4th 620, 625 (2003) (citing Cal. Civ. Code, § 1636). Where, as here, the agreement is in writing, "the intention . . . is to be ascertained from the writing alone, if possible." *Id.* (citing Cal. Civ. Code § 1639); *see also Brinton*, 76 Cal. App. 4th at 559. The language of a contract governs its interpretation "if the language is clear and explicit." Cal. Civ. Code § 1638; *see also Bank of the W v. Super. Ct.*, 2 Cal. 4th 1254, 1264 (1992). "[C]ourts will not set aside contracts for mere subjective misinterpretation." *Hedging Concepts, Inc. v. First Alliance Mortg. Co.*, 41 Cal. App. 4th 1410, 1421 (1996). "A settlement agreement, like any other contract, is unenforceable if the parties fail to agree on a material term or if a material term is not reasonably certain." *Lindsay v. Lewandowski*, 139 Cal. App. 4th 1618, 1622 (2006) (citing *Weddington Prods., Inc. v. Flick*, 60 Cal. App. 4th 793, 811 (1998); Cal. Civ. Code §§ 1580, 3390)).

Here, the Court finds that the settlement agreement reached by the parties at the ENE is binding and enforceable. Under California law, "[w]hen parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement." *Blix St. Records, Inc. v. Cassidy*, 191 Cal. App. 4th 39, 48 (2010); *see also Scott v. Napolitano*, No. 08cv0735 BTM (JMA), 2012 WL 2836186, at *6-7 (S.D. Cal. July 10, 2012) (finding that the parties intended a memorandum of settlement to be a binding agreement even though a more formal agreement was going to be executed at a later date based on the memorandum's language); *Bryant v. Amtrak*, No. 08cv458-WQH (RBB), 2011 WL 291233, at *3 (S.D. Cal. Jan. 26, 2011) (same). The last line of the MOU states that the parties "agree that this settlement . . . is binding." (ECF No. 31-2 at 6.) The MOU further states that if the parties cannot reach mutual consent as to a long-form agreement, the MOU "controls and is enforceable." (*Id.*) Therefore, the parties mutually intended the settlement to be binding. Importantly, in their briefing on the instant motion, the parties agree that the settlement is binding.

Furthermore, by the express terms of the MOU, the MOU is to be enforceable in the event the parties fail to agree on a long-form agreement. That is what has come to pass here. The parties' dispute is limited to the language of a long-form agreement. Although Defendant seeks to have the Court "enforce the settlement pursuant to the abridged settlement agreement [drafted by Defendant]," the Court declines to do so. Instead, the Court grants Defendant's alternative request for an order that the parties be bound by the terms of the settlement MOU.

## V. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant's motion to enforce settlement. (ECF No. 31.) No later **fourteen (14) days** after the date of this Order, Defendant shall pay $24,225 to the Clerk of the Court in an interpleader action in San Diego Superior Court and file a notice with the Court certifying that the money has been paid. Thereafter, the Court will dismiss this action with prejudice.

**IT IS SO ORDERED.**

Dated: June 19, 2019

Hon. Jill L. Burkhardt
United States Magistrate Judge

18-cv-02471-JLB